George M. Kraw (California Bar No. 71551)
Lisa Schwantz (California Bar No. 206777)
Michael Bedolla (California Bar No. 302517)
KRAW LAW GROUP, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
lschwantz@kraw.com
mbedolla@kraw.com

Counsel for Plaintiffs:
Carpenters Pension Trust Fund for Northern California; and
Carpenters Annuity Trust Fund for Northern California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>KELLY GATLIN, and CHRISTINA DALLAS,<br>Defendants. | Case No.:<br>**INTERPLEADER COMPLAINT** |

Plaintiffs, CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA ("Pension Fund" and "Annuity Fund", respectively; collectively "Trust Funds") file this Interpleader Complaint against Defendants KELLY GATLIN and CHRISTINA DALLAS ("Kelly" and "Christina", respectively; collectively "Defendants"), and allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action in interpleader to determine ownership of certain benefits under pension and annuity plans governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claim arises under the laws of the United States.  This Court further has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and (f), which provide that the district courts of the United States have exclusive jurisdiction of civil actions under ERISA brought by a fiduciary, without respect to the amount in controversy or the citizenship of the parties.  Pursuant to this jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f), this Court may exercise its interpleader power under Federal Rule of Civil Procedure 22.

2.      The Trust Funds are mere stakeholders with no interest or claim to said benefits and no interest in the claim of any of the adverse claimants, other than its obligation to pay such benefits to the proper beneficiaries.

3.      Pursuant to 29 U.S.C. § 1132(e)(2), venue is appropriate in the Northern District of California because the Trust Funds are administered in this judicial district.

**PARTIES**

4.      The Trust Funds are employee pension and annuity plans within the meaning of ERISA.  Contributions to the plan are held in trust by the trustees for the exclusive benefit of participants and their beneficiaries.  Pursuant to 29 U.S.C. § 1132(d), the Trust Funds may sue and be sued as an entity.  The terms of the Pension Plan and the Annuity Plan, including the rights and obligations of participants, are set forth in plan documents entitled "Restated Pension Plan for the Carpenters Pension Trust of Northern California" and "Amended Restated Plan for the Carpenters Annuity Trust for Northern California" (collectively "Plan Documents"), respectively.

5.      Upon information and belief, both Defendants are residents of California.

**FACTS**

6.      On November 17, 2017, David Gatlin, a participant of the Trust Funds, passed away.

7.     In documents provided to the Trust Funds, Christina has held durable power of attorney for David Gatlin since at least February 8, 2017.

8.     The Beneficiary Designation Form for David Gatlin was received on November 13, 2017, listing Christina as the sole beneficiary.

9.     In a letter dated November 22, 2017, Kelly contacted the Trust Funds to request information on, and to presumptively contest, the designation of Christina as beneficiary.

10.     On November 30, 2017, the Trust Funds notified Kelly that she was not the named beneficiary, and that no benefits were due to her.

11.     Kelly subsequently contacted the Trust Funds by letter dated February 18, 2018, again contesting Christina's designation as named beneficiary.  Kelly further contacted the Trust Funds by two additional letters, dated June 8, 2018 and August 8, 2018, respectively, stating that she had historically been the designated beneficiary, and alleging that Christina took advantage of her power of attorney status to wrongfully name herself as beneficiary.

12.     On October 4, 2018, the matter was presented at a hearing of the Appeals Committee of the Trust Funds ("Appeals Hearing"), at which time the Appeals Committee chose to interplead David Gatlin's death benefits.

13.     David Gatlin's pension benefits are valued at $45,647.40.

14.     The Annuity Fund is a defined contribution retirement account, the assets of which are invested in various types of investments (stocks, bonds, etc.).  Consequently, the value of David Gatlin's annuity benefits are constantly in flux, owing to the ever-changing movements of the markets.  These benefits are valued on a daily basis by the Annuity Fund.

## PRAYER FOR RELIEF

        WHEREFORE, the Trust Funds respectfully request that this Court:

1.     Order Defendants to interplead and litigate their respective claims for the benefits owed by the Trust Funds;

2.     Enter an Order granting the Pension Fund leave of court, pursuant to Federal Rule of Civil Procedure 67, to deposit with this Court a check in the amount of $45,647.40 which is subject to the conflicting claims of Defendants;

3.      Enter an Order deciding on what date David Gatlin's annuity benefits should be valued ("Valuation Date"), and further granting the Annuity Fund leave of court, pursuant to Federal Rule of Civil Procedure 67, to deposit with this Court a check in the amount of David Gatlin's annuity benefits as valued by the Annuity Fund on the Valuation Date which is subject to the conflicting claims of Defendants;

4.      Enter an Order restraining each Defendant from instituting or prosecuting any other proceedings in any State or Federal court affecting the rights and obligations between the parties to this action with regard to the benefits owed by the Trust Funds;

5.      Enter a declaratory judgment determining which of the Defendants are entitled to receive the contested benefits;

6.      Award the Trust Funds costs and attorneys' fees for the action, pursuant to 29 U.S.C. § 1132(g)(1);

7.      Enter an order discharging Trust Funds, their administrators, employees, agents, and officers from all liability to any of the Defendants with respect to any benefit payments (other than those funds deposited with the Court, and subject to whichever Defendant(s) this Court determines is a valid beneficiary opting to reimburse to the Trust Funds her share of the lump sum deposed with the Court); and

8.      Such other relief as the Court may deem just and proper.


Dated: February 28, 2019                           KRAW LAW GROUP, APC


                                                   By:  /s/ LISA SCHWANTZ
                                                   LISA SCHWANTZ
                                                   Counsel for Plaintiffs